IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PLENISE T. M., [1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-408 |
| | § | |
| MARKWAYNE MULLIN, *et al.,* | § | |
| *in their official capacities*, | § | |
| Respondents. | § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "28 U.S.C. Section 2241 Habeas Corpus Petition" (Dkt. No. 1) ("Petition") and Respondents' "Motion for Summary Judgment" (Dkt. No. 8) ("MSJ"). For the following reasons, the Court should deny the Petition.

The Supreme Court's cases "establish only that aliens receive constitutional protections when they have come within the territory of the United States *and* developed substantial connections with this country." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (emphasis added). The problem lies in that the first part—the question of whether "an alien [] has effected an entry into the United States," which, if answered in the affirmative, changes "the legal circumstances" for aliens regardless of "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Because the "entry fiction" doctrine applies to aliens who, like Petitioner, Dkt. No. 1 at 3, Dkt. No. 8 at 2, are "allowed within its borders pending a determination of admissibility" and are thus "legally considered to be detained at the border and hence as never having effected entry into the country," there is no substantive due process violation absent evidence that the detention "is imposed for the purpose of punishment." *Gisbert v. U.S. Attorney General*, 988 F.2d 1437, 1440-41 (5th Cir. 1993). And if the entry fiction

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

1

applies to a petitioner, that petitioner is "entitled only to those due process rights as are provided by law," which is to say "by Congress"—by statute. *Id.* at 1442-43. Because the Court finds no purpose to punish Petitioner, Petitioner possesses no extra-statutory due process rights that have been violated here.

It is therefore recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), (2) and **DENY** the MSJ (Dkt. No. 8) as moot, and (3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 1, 2026.

Karen Betancourt
United States Magistrate Judge

2